LESHIN and another, Respondents, vs. ROUTT, Appellant.

*March 16—April 11, 1916.*

*Fraudulent representations: Findings: Evidence: Landlord and tenant: Covenant against subletting: Waiver by lessor: Lease construed.*

1. In an action to recover damages caused by fraudulent representations, a finding by the trial court that defendant, the lessee of a store building under a lease providing that he should not sublet the premises without written consent of the lessor, fraudulently stated to plaintiffs that he had the legal right and authority to lease the premises to them and had obtained the written consent of the owner so to do, is *held* to be sustained by the evidence.
2. Where, after defendant had leased said building to plaintiffs for the remainder of his own term, the lessor at all times received the rent from defendant and, after learning that plaintiffs were

not connected in business with defendant but claimed to be his lessees, notified them that the lease to them was without her consent and that they occupied the premises at her will, there was no waiver of her right to re-enter which would entitle plaintiffs to remain in possession as her tenants under the lease to defendant.

3. Provisions in the lease from defendant to plaintiffs making it subject to all the terms and conditions of the lease to defendant, and that it should be canceled and of no effect whenever defendant's rights as tenant of the owner should cease for any cause, meant that plaintiffs took the lease on the terms contained in the lease to defendant, with the clause against subletting eliminated by written consent of the owner.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Action to recover damages based upon fraudulent representations. The action was commenced and tried in the civil court of Milwaukee county, and the court found the facts in favor of the plaintiffs. Upon appeal to the circuit court the case was tried and the following findings of fact and conclusions of law made:

The plaintiffs were copartners, as alleged in the complaint; that on and prior to the 27th day of September, 1911, the defendant was in possession of the lower floor and basement of the building known and described as No. 331 Third street, in the city and county of Milwaukee, Wisconsin; that said defendant was in possession of said premises under and by virtue of a lease executed by the owner of said premises, one Jennie Blinkenstine, to the said defendant for a term of years beginning June 1, 1911, and ending May 15, 1914; that said lease between defendant and said Jennie Blinkenstine contained the following clause: "And the said lessee does covenant and agree not to assign or underlet the said premises, or any part thereof, or otherwise part with this indenture or the premises hereby leased, or any part thereof, to any person or persons whatever, without the consent thereto in writing of said lessor, her representatives or assigns, first

had and obtained in writing thereto;" that on the 25th day of September, 1911, the defendant, *Max Routt,* falsely and fraudulently stated to the plaintiffs that he had the legal right and authority to lease the premises hereinbefore described to the plaintiffs herein, and that he had obtained the consent in writing of the owner of said premises, Jennie Blinkenstine, so to do; that the plaintiffs herein relied upon the false and fraudulent statement of the defendant that he had obtained the consent to lease said premises to the plaintiffs and that he had the right so to do, and entered into a lease of said premises from the 27th day of September, 1911, to the 15th day of May, 1914; that after the plaintiffs herein had entered into possession of said premises under their lease with the defendant, the owner of the building, Jennie Blinkenstine, notified these plaintiffs that the lease given to them by the defendant was without the consent of the owner of said premises, Jennie Blinkenstine, and that these plaintiffs occupied said premises at the will of said Jennie Blinkenstine; that because of the uncertainty of their tenure to said premises the plaintiffs herein were not justified in buying a stock of goods adequate for the size of said premises so leased; that because of the uncertainty of the tenure under which they occupied said premises and because they could not legally obtain a lease of said premises for a definite period, the plaintiffs herein suffered loss in the conduct of their business while they occupied the same; that it was necessary for the plaintiffs to occupy the premises for the length of time they did to reduce the loss sustained by them to a minimum; that because of the false and fraudulent representations made by the defendant to induce the plaintiffs to make the lease hereinbefore referred to, the plaintiffs suffered loss during their occupation of said premises up to the commencement of this action in the sum of $1,000; that all the material allegations in plaintiffs' complaint as to fraud and deceit on the part of the defendant are proven and true.

The court concluded that the plaintiffs were entitled to

judgment against the defendant for the sum of $1,000, with interest from the commencement of this action, to wit, March 21, 1912, together with the costs of this action to be taxed.     Judgment was entered accordingly, from which this appeal was taken.

For the appellant there was a brief by *Churchill, Bennett & Churchill,* and oral argument by *W. H. Churchill.*

*Henry J. Killilea,* for the respondent.

KERWIN, J.     Counsel for appellant contends that upon the undisputed facts the judgment below should be reversed, This contention, as we understand counsel, is based upon the claim that the lessor, Jennie Blinkenstine, on breach of the condition of the lease by the lessee, *Routt,* had the right to re-enter, and that failure to do so and acceptance of rent operated as a waiver of the forfeiture and entitled the plaintiffs here to remain in possession as tenants of Jennie Blinkenstine under the lease between said Jennie Blinkenstine and defendant, *Routt.*     The trouble with this contention is that it is not based upon undisputed evidence.     Jennie Blinkenstine at all times received the rent from her lessee, *Routt,* and claims that at first, after possession was taken by the plaintiffs, she did not understand that they were lessees of *Routt,* but thought that they were in some way connected in business with *Routt;* and the evidence further tends to show that after Jennie Blinkenstine learned that plaintiffs claimed to be lessees of *Routt* she notified them that the lease to them by defendant, *Routt,* was without her consent and that they occupied said premises at the will of said Jennie Blinkenstine,

It is true, as contended by counsel for appellant, that the lease from defendant to plaintiffs contained the following provisions:

"This lease is subject to all terms and conditions of a certain lease between the lessor herein and one Jennie Blinkenstine wherein said Jennie Blinkenstine is lessor and said *Max Routt* is lessee.

"It is expressly agreed and understood by and between the parties hereto that this lease shall be canceled and of no effect whenever the rights of *Max Routt* as tenant of said Jennie Blinkenstine cease for any cause."

These provisions obviously mean that the plaintiffs took the lease from the defendant on the same terms contained in the lease from Jennie Blinkenstine to defendant, *Routt,* with the clause against subletting eliminated or modified by consent in writing to sublet the premises to the plaintiffs. The court below found upon sufficient evidence that the defendant falsely and fraudulently stated to the plaintiffs that he had the legal right and authority to lease the premises to them and that he had obtained the consent in writing of Jennie Blinkenstine, the owner of said premises, so to do.

It is further insisted that the evidence does not support the findings. A careful examination of the record convinces us that there is ample evidence to support the findings, therefore the judgment is right and must be affirmed.

*By the Court.*—The judgment is affirmed.